60 F.3d 841
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Charles B. HULSEY, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7018.
 United States Court of Appeals, Federal Circuit.
 June 15, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ORDER
 MAYER, Circuit Judge.
 
 
 1
 The parties have submitted responses to this court's order concerning our jurisdiction over this appeal.
 
 
 2
 Our order directed the parties to address whether Charles B. Hulsey's appeal was timely. Because we determine that, in any event, we do not have jurisdiction to review the Court of Veterans Appeals decision, we do not address the timeliness issue.
 
 
 3
 Hulsey sought a compensable rating for a hearing loss and entitlement to an increased evaluation for tinnitus. The regional office denied Hulsey's claim. Hulsey appealed to the Board of Veterans Appeals. The Board determined that Hulsey had not demonstrated entitlement to a compensable rating for hearing loss and had not shown entitlement to an increased evaluation concerning the tinnitus. The Board also found that the evidence did not warrant an assignment of an extraschedular evaluation for hearing loss or tinnitus. Hulsey appealed to the Court of Veterans Appeals.
 
 
 4
 The Court of Veterans Appeals summarily affirmed the Board's decision. The Court of Veterans Appeals determined (1) that there was a plausible basis for the Board's findings of fact concerning the denial of a compensable rating for hearing loss and the denial of an increased evaluation for tinnitus, and (2) that Hulsey did not "reasonably raise" the issue of clear and unmistakable error before the Board and thus the Board's failure to address the issue was not prejudicial error.
 
 
 5
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 6
 In this case, the Court of Veterans Appeals reviewed the sufficiency of the evidence and applied the law to the facts of Hulsey's case. As this court has no jurisdiction to review those determinations, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed. Cir. 1992).
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) Hulsey's appeal is dismissed.
 
 
 9
 (2) Each side shall bear its own costs.